## William E. Hughes
### v.
## Charles E. Sprague et al.

1. CONSIDERATION.—It is not necessary that the promisor should be benefited by the transaction; it is a sufficient consideration if the party to whom the promise was made is thereby put in any worse position than he was before; as where by reason of the promise he has released other security.

2. ASSIGNMENT OF JUDGMENT.—Where a judgment was assigned absolutely, the assignee to deduct therefrom, when collected, the amount of his claim against the assignor, and pay the balance to another, in satisfaction of his claim against a fourth party, the proceeds of such judgment being absorbed by the amount of the two claims, cannot be reached by garnishment in favor of the creditors of the assignor. The assignor has parted with all his interest therein, and the assignee becomes the trustee of such part of the judgment when collected as is to be paid under the direction of the assignor.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding. Opinion filed October 2 1879.

Mr. IRA J. BLOOMFIELD, for appellant; that courts of law will protect the rights of an assignee of a *chose in action*, cited Hodson v. McConnell, 12 Ill. 170; Carr v. Waugh, 28 Ill. 418; Morris v. Cheney, 51 Ill. 451.

As to assignment of the judgment and rights thereunder: Hughes v. Trahern, 64 Ill. 48; Ullman v. Kline, 87 Ill. 268.

It may be shown that another besides the one named in the assignment has an interest in the judgment: Hodson v. McConnell, 12 Ill. 170; Carr v. Waugh, 28 Ill. 418; Smith v. Smith, 87 Ill. 111.

Any act which is a benefit to one or a disadvantage to another, constitutes a sufficient consideration to support a contract: Burch v. Hubbard, 48 Ill. 164; Buchanan v. Bank, 78 Ill. 505; Doyle v. Knapp, 3 Scam. 338.

The assignee having accepted the assignment and received the money, a trust arose in favor of the person who was to receive the balance, for which an action would lie against him: Walden v. Karr, 88 Ill. 49.

Mr. Johnson W. Straight, for appellees; that the assignment having been reduced to writing, all previous agreements were merged, and the writing must speak for itself, cited Marshall v. Gridley, 46 Ill. 247; Purinton v. Nor. Ill. R. R. Co. 46 Ill. 297; Smith v. Price, 39 Ill. 28.

As between appellant and the assignor, there was no consideration for the contract of assignment: Carson v. Clark, 1 Scam. 113; Hutson v. Overturf, 1 Scam. 170; Hennessey v. Hill, 52 Ill. 281.

The promise of the assignor to appellant was to pay the debt of another, and not being in writing, was void: Rev. Stat. 1874, 540; Hite v. Wells, 17 Ill. 88; First Bap. Church v. Hyde, 40 Ill. 150.

The assignor being insolvent, a promise to pay the debt of his brother was in fraud of his creditors, and void: Waggoner v. Cooley, 17 Ill. 244; Ward v. Enders, 29 Ill. 519; 2 Schouler on Personal Property, 101.

McCulloch, J. In this case, Taylor Bros. having a judgment against Charles E. Sprague, sued out a garnishee process against Newton B. Reed. The case was commenced before a justice of the peace, where appellant appeared and claimed an interest in the suit, and upon judgment being rendered in favor of Taylor Bros., took an appeal to the circuit court. There the case was tried by the court without a jury, and judgment again rendered in favor of the garnisheeing creditors. From that judgment appellant took this appeal. On the hearing in the circuit court, the garnishee answered that he had in his hands $75, belonging either to Charles E. Sprague or William E. Hughes, he did not know which. The proof shows that this money was collected by the garnishee upon a judgment in favor of said Charles E. Sprague against the town of Normal, which had been assigned by Sprague to the garnishee in writing, as follows:

"For value received, I hereby assign all my right, title and interest in the judgment already rendered in the above cause, or which may hereafter be rendered, to Newton B. Reed. Dated Bloomington, Ill., Oct. 15th, 1878. Charles E. Sprague."

It appears from the evidence that Reed is an attorney at law, and had rendered services for Charles E. Sprague, for which he had a claim against Sprague for $125. Appellant is also an attorney at law, and had become the security upon a recognizance for Ezra Sprague, who is the brother of Charles. To indemnify appellant for becoming security for Ezra, his, Ezra's, mother had given appellant a note for $1,100, secured by mortgage upon real estate, and also by chattel mortgage upon a large amount of personal property. Ezra having been discharged from the recognizance, his mother was anxious to have her property released from the mortgage, which appellant was unwilling to do unless his fees for defending Ezra, amounting to $150, should be paid. After some negotiation, it was finally arranged that Charles E. Sprague should assign his judgment against the town of Normal to Mr. Reed, the garnishee, in payment of his claim for fees against Charles E. Sprague, and that the balance of the judgment when collected he should pay over to appellant, who in consideration thereof should release the said mortgages, give up the note of $1,100 to Mrs. Sprague, and receipt his claim against Ezra for fees—all of which was done.

The garnishee undertook to pay over the balance of the judgment when collected, after retaining the amount of his claim against Charles to appellant. As soon, however, as he had collected the money he was garnished by Taylor Bros. for the sum of $75, which he is ready to pay over, as the court shall adjudge. It is first objected to the claim of Mr. Hughes, that there was no consideration moving from him to Charles E. Sprague, for an assignment to him of any interest in the judgment. In this, we think, counsel are mistaken. It is not nec_ essary that Sprague should have been benefited by the transaction; it is a sufficient consideration if Hughes was put in any worse position than he was before; and if we admit he had no right to hold on to the chattel mortgage or deed of trust after Ezra Sprague was discharged from his recognizance, still he had a claim against him for fees, in satisfaction of which he accepted the assignment of the judgment to Reed, and in consideration thereof released Ezra Sprague and his mother,

from all claims he had against them. There was, therefore, a sufficient consideration to make the assignment, as between Hughes and Charles Sprague, binding upon the latter. The claims of Reed and Hughes for the payment of which the assignment of the judgment was made covered the whole of it, and forever estopped Charles E. Sprague from recovering any portion of it from Reed when collected. This would seem conclusive against the claims of the garnisheeing creditors, for the suit against Reed must be in the name of Sprague, for the use of Taylor Bros., and if Sprague cannot recover for his own use, it is difficult to see how he could recover for the use of Taylor Bros.

But is claimed that the undertaking of Mr. Reed was to pay the debt of another, and not being in writing was void. If this were so, we fail to see how the garnisheeing creditors can be benefited thereby, for the assignment of the judgment to Reed was absolute in its terms, for a sufficient consideration, and in writing. Mr. Reed did not undertake to pay the debt of Ezra Sprague. That was already extinguished by the assignment. All he did was to agree that when he should collect the judgment he would pay over the balance, after deducting his fees, to Mr. Hughes. He incurred no liability to Mr. Hughes until he had collected the judgment. Then the money belonged to Mr. Hughes, and Mr. Reed held it in trust for him. Having undertaken the trust, he was bound to carry it out (Walden v. Karr, 88 Ill. 49), and had he refused to pay over the money on demand, Mr. Hughes could have maintained an action at law against him for so much money had and received to his use. The Statute of Frauds does not, therefore, apply to this case, nor can the transaction be held void as a fraud upon creditors; for the assignment of the judgment having been made upon a good consideration, moving from Hughes, it must appear that he was guilty of a fraudulent intent to hinder and delay the creditors of Charles E. Sprague, before it can be held void as to him. The judgment is therefore reversed and the cause remanded.

Reversed and remanded.