RIDGE v. OLMSTEAD *et al.*, *Appellants.*

**Title to Money paid to one for the Benefit of Another.** Money placed by A in the hands of B to be paid to C, does not become C's property until he is advised of the deposit and consents to it. If before he does so consent, B is compelled by garnishment proceedings to pay it to A's creditors, C cannot afterward claim it.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

REVERSED.

*Peak & Yeager* and *C. J. Bower* for appellants.

*Tichenor & Warner* for respondent.

Defendant stood in the position of trustee for plaintiff, and could legally pay the fund to no one but plaintiff until he refused to receive it. *Tompkins v. Wheeler,* 16 Peters 119; *Jackson v. Bodle,* 20 John. 184; *Rankin v. Lodor,* 21 Ala. 380; *Bank v. Huth,* 4 B. Mon. 437; *Crosby v. Hillyer,* 24 Wend. 284. Plaintiff's assent will be presumed until he dissents. *Rogers v. Gosnell,* 58 Mo. 589; R. S. 1879, § 3463.

Henry, J.—One Collins was a tenant of Ridge, the plaintiff, and owed him $22 for rent. Collins sold defendants some fixtures he had in the rented house, and after they had paid the price agreed upon to Collins' agent, he handed them $22 to be paid to plaintiff. Plaintiff was then absent from home, but defendants informed his son of what had occurred, who said he was satisfied with the arrangement. Before any communication between defendants and plaintiff, they were served with a garnishment as the debtors of Collins, on account of said $22, at the suit of creditors of said Collins, and a judgment in that proceeding was rendered against them, which they paid. Afterward, this suit was brought by Ridge to recover of defendants said sum of money, and the only question is, on these facts, was he entitled to recover?

It does not appear that his son was the plaintiff's agent to transact his business, in his absence, and, therefore, the fact that defendants communicated to him what had been done, and that he said it was all right, is of no more consequence, in the case, than if the same had occurred between defendants and an entire stranger to Dr. Ridge.

The precise question involved here arose in the case of *Sproule v. McNulty,* 7 Mo. 63, and the court held that a quantity of lead shipped by a debtor to his creditor, with directions to sell it and apply the proceeds to the payment of his debt due the consignee, continued to be the prop-

erty of the consignor, and that by an attachment levied upon the lead, *in transitu*, the attaching creditor could hold it against the consignee. Again, in *Briggs v. Block*, 18 Mo. 281, A shipped a quantity of gold-dust to B, with directions to sell it, and pay proceeds to C, a creditor of A. It did not appear that C had assented to, or was advised of this arrangement. Before B paid the money to C, he was summoned as garnishee in an attachment suit against A. Held, that the money still remained the property of A, and was subject to the attachment. These cases are decisive of this; and that they were correctly decided admits of no question. If defendants, after receiving the money, had become insolvent, or refused to pay it to Ridge, would it be contended that Collins, by the arrangement, had canceled his obligation to Ridge? He remained his debtor, and the money placed in the hands of defendants was still under his control, and at any time before it was paid over as directed, or before defendants had become absolutely bound to Ridge to pay it to him, Collins could have successfully countermanded the order. The judgment is reversed and the cause remanded. All concur.