DAVID NICHOLSON, Appellant, v. JOHN R. WALKER,
GARNISHEE OF LEOPOLD BRENNEISEN, ET AL.,
Respondents.

Kansas City Court of Appeals, April 11, 1887.

1. ASSIGNMENT—TRANSFER OF SURPLUS WHEN SUBJECT TO GARNISH-
MENT.—Where a note is assigned by a debtor for the purpose of
paying an account to his creditor, under an agreement that any
excess shall be applied to the debt of another creditor,. the transac-
tion does not amount to a transfer of the surplus to such other
creditor, *until he has assented thereto*, and the excess continues to
be the property . of the debtor, subject to garnishment for his
debts.

2. PRACTICE—FINDING OF ISSUES—CASE ADJUDGED.—Where, as in this
case, the facts were such that the trial court should have, without
more, found the issue·for the plaintiff, this court will reverse, and
direct the entry of judgment accordingly.

APPEAL from Cooper Circuit Court, HON. E. L.
EDWARDS, Judge.

*Reversed and remanded with directions.*

The case is stated in the opinion.

COSGROVE & JOHNSTON, for the appellant.

I. "Money placed by A. (Brenneisen) in the hands of B. (Walker), to be paid to C. (Whitlow), does not become C.'s (Whitlow's) property, until he is advised of the deposit and *consents to it.* If, *before* he does consent, B. (Walker) is compelled, by garnishment proceedings, to pay it to A.'s (Brenneisen's) creditors, C. (Whitlow) cannot *afterward* claim it." *Ridge v. Olmstead et al.*, 73 Mo. 578 ; *Briggs v. Block*, 18 Mo. 281 ; *Sproule v. McNulty*, 7 Mo. 62. "Where a note is assigned by a debtor in settlement of his account, with an agreement that any excess of the proceeds of the note, after satisfaction of the account, shall be applied to the debt of another creditor, the transaction is not an assignment to such other creditor, without his assent thereto, and the money in excess remains the property of the debtor, and may be subjected to garnishment." *Witter v. Little,* (S. C. Iowa, June, 1885), 20 Reporter, p. 494. The above cited cause is exactly in point. "If, before the summons, the garnishee has accepted an order from the defendant to pay all the funds in his hands, belonging to the defendant, to another creditor, *who has accepted,* the summons would come too late to avail the plaintiff." Waples on Attachment and Garnishment, p. 211. "An assignment, to pay a debt, of more property than is sufficient for the purpose, would not prevent a creditor of the assignor from attaching the excess in the hands of the assignee." Waples on Attachment and Garnishment, p. 211. "If the defendant has authorized the payment of what is due to him to a third person, and the garnishee has agreed so to pay, and the *assignee* has *assented,* garnishment by the creditor of the *defend-*

*ant* will not hold." Waples on Attachment and Garnishment, p. 212.

II.   If the garnishment proceeding is not maintainable, it can only be because there was a *novation;* if there was a novation, Brenneisen was absolutely discharged from his debt to Whitlow, and Walker became the debtor of Whitlow. But it is of the *essence of a novation* that *all three* of the parties should *assent* thereto. *Lee v. Porter,* 18 Mo. App. 377 ; *Vanderline v. Smith,* 18 Mo. App. 55.

III.   Upon *the facts* and *the law,* the judgment of the trial court should have been for the plaintiff.

DRAFFEN & WILLIAMS, for the respondents.

I.   The respondent, Walker, held the money in controversy as the *agent or attorney of H. T. Simon, Gregory & Co.* They sent it to him, *as their agent,* with specific directions as to its disposition. There was no *privity of contract* between Brenneisen, the defendant in the attachment, and the garnishee, Walker. *Walker,* the garnishee, was not the *debtor* of *Brenneisen,* neither did he hold the money as *Brenneisen's* bailee. Drake on Attachments [6 Ed.] sects. 514, 546 ; *Atwood v. Hale,* 17 Mo. App. 81 ; *Fenton v. Block,* 10 Mo. App. 536 ; Freeman on Executions, sect. 160 ; Waples on Attachment and Garnishment, 194 ; *McIlvaine v. Lancaster,* 42 Mo. 96 ; *Ward v. Lamson,* 6 Pick. 358.

II.   Unless Brenneisen, the defendant in the attachment, could have maintained an *action at law* against the garnishee, Walker, the latter cannot be charged in this proceeding. *Atwood v. Hale,* 17 Mo. App. 81 ; *Fenton v. Block,* 10 Mo. App. 536 ; *McPherson v. Railroad,* 66 Mo. 103.

III.   Walker was not Brenneisen's debtor. In the negotiations between them, Walker acted as agent of Simon, Gregory & Co. The promise was express that his *principals* would pay the two hundred dollars to such creditor of Brenneisen as the latter should direct.

Walker was not *personally bound*. Story on Agency [9 Ed.] sect. 261 ; Drake on Attachment [6 Ed.] sect. 546.

IV. Simon, Gregory & Co. agreed that they would pay the sum of two hundred dollars to such creditor of Brenneisen as he should direct. The money sent to their agent for this purpose was *still their money*. Their agent did not hold it as the bailee of Brenneisen. If Walker had failed to pay it, it would not have been Brenneisen's loss. Walker was not the debtor of Brenneisen, neither did he hold the money as the latter's bailee.

V. The declaration of law given on the part of the garnishee was predicated *upon the evidence*, and covered the whole case. Those asked by the plaintiff *did not meet the issues* presented. They might have been proper if H. T. Simon, Gregory & Co. had been the garnishees. Whether *they* would have been liable to garnishment, it is unnecessary to discuss. Walker, their attorney, was not. *Atwood v. Hale*, 17 Mo. App. 81 ; Drake on Attachment [6 Ed.] sect. 514.

PHILIPS, P. J.—Nicholson sued Brenneisen and Goff by attachment. Walker was summoned as garnishee. In his answer he stated, substantially, that he was a practicing attorney at law, and, as such, received from the firm of Simon, Gregory & Company, of St. Louis, for collection, a claim amounting to $828.20, against said Brenneisen ; that Brenneisen delivered to him certain notes owing and due to him, with the agreement that Simon, Gregory & Company should cancel their claim against him, and pay the sum of two hundred dollars to one Whitlow, who held a note against Brenneisen, that sum being in excess of the amount of Simon, Gregory & Company's claim against Brenneisen ; that the garnishee accordingly transmitted said notes to his clients, who remitted a check for the said sum of two hundred dollars, to be paid to said Whitlow.

Issue was taken by plaintiff on said answer.

The bill of exceptions recites that: " The evidence offered by both parties showed that the above-named defendant garnishee, was, on the sixth day of February, 1885, an attorney practicing his profession in the city of Boonville, Missouri; that, on the date aforesaid, H. T. Simon, Gregory & Company, of St. Louis, Missouri, placed in his hands, for collection, claims against the defendant, Brenneisen, who, for the purpose of paying said indebtedness, endorsed certain promissory notes belonging to him, to H. T. Simon, Gregory & Company, and delivered them to the said garnishee, as the attorney of said firm; that said notes amounted to two hundred dollars more than the indebtedness due said H. T. Simon, Gregory & Company; that, at the time of the delivery of said notes to said garnishee, said Brenneisen asked that the said overplus of two hundred dollars be paid to him by the said H. T. Simon, Gregory & Company, but the said garnishee, fearing that his said clients might be given trouble, by other creditors of the said Brenneisen, as the attorney of said H. T. Simon, Gregory & Company, refused to do this, but agreed and promised that H. T. Simon, Gregory & Company would pay the sum of two hundred dollars, being the amount due Brenneisen on said notes, after paying the debt due H. T. Simon, Gregory & Company, to any creditor of the said Brenneisen whom he, the said Brenneisen, would direct the same to be paid to; that the said Brenneisen directed said garnishee to pay the said sum of two hundred dollars, when received of his clients, to R. W. Whitlow, who was a creditor of the said Brenneisen, and whose claim was secured by a deed of trust on his (Brenneisen's) homestead, and was not at the time due; that the said Whitlow knew nothing of said arrangement or promise, was never notified of the same, and never accepted or agreed thereto; that, after said arrangement, the said garnishee forwarded said note to his clients, the said H. T. Simon, Gregory & Company, who resided in St. Louis, notifying them of the contract and agreement

so made with the said Brenneisen for them; that they immediately returned a draft for two hundred dollars, to be paid under said agreement; that, the day before said draft was received by the garnishee, he was served with the garnishment herein, and, upon receipt of said draft, the garnishee deposited the same in the Central National Bank, of Boonville, Missouri, to his own credit, to await the final determination of said garnishment proceedings."

The plaintiff asked, and the court refused the following declarations of law:

"1. The agreement between Brenneisen and Walker, as disclosed by the evidence, that Walker should receive certain notes from Brenneisen, in payment of a claim which Walker held for collection against said Brenneisen, and, that the balance remaining in the hands of said Walker, after paying his said claim, to-wit: the sum of two hundred dollars, should be paid to one Whitlow, who was a creditor of Brenneisen, said agreement having been made without the knowledge or assent of said Whitlow, was not an assignment of the said two hundred dollars to the said Whitlow, and the same did not thereupon become his property; but said two hundred dollars was, at the time of the service of said garnishment, the property of said Brenneisen and subject to garnishment by plaintiff as the creditor of Brenneisen."

"2. Notwithstanding the agreement between Brenneisen and Walker as shown by the evidence, Brenneisen still had control of said money and Brenneisen was still indebted to Whitlow. This agreement in no wise cancelled or affected the indebtedness of Brenneisen to Whitlow, and the money in the hands of Walker was still the property, and subject to the control, of Brenneisen, and subject to the garnishment by any creditor of Brenneisen."

The garnishee asked, and the court gave, the following declaration:

"The court declares the law to be, that if the

court shall find from the evidence that John R. Walker, *as attorney for H. T. Simon, (Gregory) & Company*, agreed and contracted with Leopold Brenneisen, that, for and in consideration of the assignment to *them* of certain notes held by him, that *H. T. Simon, (Gregory) & Company* would cancel a debt which they held against said Brenneisen and one Goff, and would pay the sum of two hundred dollars to R. W. Whitlow, who was then and there a creditor of said Brenneisen, and that said notes, under this contract, were turned over to said Walker as attorney for H. T. Simon, (Gregory) & Company; and that said Simon, Gregory & Company accepted them upon said agreement, and sent to said Walker, *as their attorney*, the said sum of two hundred dollars, to be paid by him to R. W. Whitlow, then said Walker is not liable to garnishment in this proceeding and the finding must be for the garnishee."

Thereupon the court discharged the garnishee, and rendered judgment accordingly. Plaintiff prosecutes this appeal.

I. The facts in this case are undisputed. To our mind they are clear, and not reasonably susceptible of more than one meaning. The cause being before the court without the intervention of a jury, it only had to declare the law arising on the facts.

The whole contention of respondent is, that he held the two hundred dollars as the attorney and agent of Simon, Gregory & Company, and not otherwise. If this assumption be correct, the law is, that he was not subject to be garnished as a debtor of Brenneisen. *Atwood v. Hale et al.*, 17 Mo. App. 81.

For whom, therefore, did Walker hold this money? Not for Whitlow; for the law is well settled, as stated in *Ridge v. Olmstead* (73 Mo. 578), that money placed by A in B's hands to be paid to C, without C's knowledge and assent, does not become the property of C.

Was it the property of Simon, Gregory & Company? We are clearly of the opinion that it was not. The

obvious meaning of the whole arrangement between Brenneisen and Walker is, that Walker, on behalf of his clients, agreed that if Brenneisen would turn over the whole of the notes they would pay the excess of two hundred dollars into Walker's hands, to be paid by him to any creditor Brenneisen might direct. The bill of exceptions expressly recites: "that the said Brenneisen *directed said garnishee to pay the said sum of two hundred dollars, when received of his clients, to Whitlow.*" Brenneisen, having consented that Simon, Gregory & Company should send the money to Walker, who was to pay it, under Brenneisen's direction, to Whitlow, would clearly have been estopped from asserting any claim therefor against Simon, Gregory & Company after they had so paid it over to the designated depositary. The money in Walker's hands was at the risk of Brenneisen alone. Had it been lost in Walker's hands it would not have released Brenneisen to Whitlow, because Whitlow had never assented to the arrangement. Simon, Gregory & Company had no claim upon it, because they had received value for it, and sent the money to the very agent and go-between designated by Brenneisen, who held it subject to Brenneisen's direction. Had Brenneisen, after Walker received the money, concluded that he would not make the advance payment to Whitlow, he could have demanded and recovered the money from Walker. Otherwise Walker would have held the money subject to nobody's lawful demand.

In this view of the facts, we are brought to the rule of the law: that, where a note is assigned by a debtor for the purpose of paying an account to his creditor, under an agreement that any excess shall be applied to the debt of another creditor, the transaction does not amount to a transfer of the surplus to such other creditor, until he has assented thereto; and the excess continues to be the property of the debtor, subject to the garnishment for his debts. *Witter v. Little,* S. C. Ia. 20 Rep. 494; Waples Attach. 211–12.

II.   The declarations of law asked by the plaintiff should have been given.   The facts were such that the court should have, without more, found the issue for the plaintiff.

The judgment is, therefore, reversed, and the cause remanded, with directions to the circuit court to enter judgment for the plaintiff conformably to this opinion. All concur.