JOHNSON COUNTY v. JAMES V. BRYSON, Interpleader, Defendant in Error, and MICHAEL GUIHEN, Interpleader, Plaintiff in Error.

Kansas City Court of Appeals, October 24, 1887.

1. EQUITABLE ASSIGNMENT, WHAT IS—BEING VERBAL DOES NOT INVALIDATE IT.—It is a rule, in equity, that anything which shows an intention to assign on the one side, and from which an assent to receive may be inferred on the other, will operate as an assignment, if sustained by a sufficient consideration. Being verbal does not invalidate it. The fact that the subject-matter of the assignment was not in existence at the time of the contract will not defeat the assignment. Courts of equity will support an assignment of things which have no present, actual, or potential existence, but rest in mere possibility. Not, indeed, as a present, positive transfer, operative *in praesenti*, for that can only be of a thing *in esse*. 2 Story's Eq. Jur., sect. 1040.

2. —— ASSIGNMENT OF PORTION OF DEBT AS BETWEEN ASSIGNEE AND DEBTOR, AND AS BETWEEN INTERPLEADERS—CASE ADJUDGED. The law, in this state, as between an assignee and the debtor, in the case of an assignment of only a portion of the debt, is that it cannot be enforced. But the contest here is between the interpleaders, each contending to be the real assignee. The debtor here is not making the objection, and the right to object to splitting a single debt into many is one which the debtor may waive. *Fourth Nat. Bank v. Noonan*, 88 Mo. 372.

3. JURISDICTION—CONSTRUCTION OF SECTION 12, ARTICLE 6, CONSTITUTION OF MISSOURI—CASE ADJUDGED.—The county of Johnson is not a real party to this contest between the interpleaders. It only asked that they litigate their right to the money claimed by each.

This case is not under the inhibition of section 12, article 6, of the constitution of this state, and this court has jurisdiction of the cause.

Error to Johnson Circuit Court, Hon. Noah M. Givan, Judge.

*Reversed, with directions.*

The case and facts are stated in the opinion of the court.

Samuel P. Sparks, for the plaintiff in error.

I. The agreement between Keene and Guihen was an equitable assignment, *pro tanto*, of the proceeds of the contract between Keene and the county, as the material furnished amounted to. In order to establish it, it was not necessary that it should have been in express terms; nor in writing. *Smith v. Sterritt*, 24 Mo. 260; 2 Story's Eq. Jur., sect. 1047; *Dillon v. Barnard*, 1 Holmes (U. S. Circt. Ct.) 386; *In re Strand Music Hall Co.*, 3 De Gex, J. & S. 147; *Williams v. Ingersoll*, 89 N. Y. 508; *Christmas v. Russell*, 14 Wall. (U. S.) 59; *Brokaw v. Brokaw's Ex'r*, 3 Cent. Rep. 365. After the contract had been performed by Keene, the assignment became operative and vested in Guihen, to the extent of the debt due him under his contract with Guihen. *Wright v. Bircher*, 72 Mo. 179; *Rutherford v. Steward*, 79 Mo. 216; *Frank v. Playter*, 73 Mo. 672.

II. Future wages, to be earned under a present contract imparting to them a potential existence, may be assigned, although the contract may be indefinite, both as to the time of performance and the amount. *Wade v. Bessy*, 24 Am. Law Reg. 139; 2 Story's Eq. Jur., sect. 1040.

III. But conceding that a suit could not be maintained in equity, even on an assignment of part of a debt, without the consent of the debtor, no such obstacle presents itself in this case; for the debtor not only

makes no objection, but asks that the rights of the respective assignees be determined, thereby consenting to pay to whomsoever it may in equity belong. *James v. City of Newton*, 2 N. E. Rep. 820; s. c., 23 Cent. Law Jour. 489, and citations; *Supt. Pub. Schools v. Heath*, 15 N. J. Eq. 22; *Fourth Nat. Bank v. Noonan*, 14 Mo. App. 243; s. c., 88 Mo. 372.

IV.   Prior to the assignment to Bryson by Keene, Guihen had notified the county, through its agent, the county court, while in open session, of his rights to the sum of $110.50 of the fund; again, at their next meeting, he notified them in writing, and it does not appear when, if ever, Bryson notified the county of the assignment to him.   The equity even of a subsequent assignee of choses in action, who first gives notice to the debtor, is superior to that of a prior assignee.   *A fortiori* of a prior assignment.   *Fell v. McManus*, 1 Cent. Rep. (N. Y.) 678; *Murdock v. Finney*, 21 Mo. 138; 8 Neb. 214; 13 Minn. 165; 2 Story's Eq. Jur., sects. 1047–1057. Where there is no notice given by either of the assignees then the rule, *qui prior est in tempore potior in jure*, prevails.   *Murdock v. Finney, supra.*

V.   The doctrine contended for in this case does not in the least conflict with the rule laid down in 63 Mo. 410; 73 Mo. 22; 76 Mo. 488; holding that there cannot be an assignment of part of a demand without the consent of the debtor; for the debtor, by interpleader, has consented to the assignment.   *Beardslee v. Morgner*, 4 Mo. App. 139; *Fourth Nat. Bank v. Noonan*, 14 Mo. App. 243; s. c., 88 Mo. 372.

VI.   Ever since the revision of the statutes in 1865, which went into effect August, 1866, it has not been necessary to verify pleadings, whether in law or equity, except in the cases therein enumerated.   (*a*) But if such verifications had been required, it was no part of the pleading, and where by statute a pleading is required to be verified by affidavit, and is not so verified, and the opposite party accepts it without objection on that

account, and takes issue of law or fact upon it, the objection will be considered as waived. *Schwartz v. Oppold,* 74 N. Y. 307; *Gilmore v. Hempstead,* How. Prac. 153; *Dawson v. Vaughan,* 42 Ind. 395; *Pudney v. Burkhart,* 62 Ind. 179; *Butler v. Church,* 14 Bush (Ky.) 540; *Hughes v. Feeter,* 18 Ia. 142; *Harris v. Ray,* 15 Ben. Monroe (Ky.) 630; *Gilkeson v. Knight,* 71 Mo. 403; 8 Neb. 214; 13 Minn. 165. It is too late to raise the objection for the first time in the appellate court. *Payne v. Flournoy,* 20 Ark. 500.

HENRY NEILL and S. T. WHITE, for the defendant in error.

I. This court has no jurisdiction to grant the writ of error, where the county is a party to the action, under section 12, article 6, of the constitution of Missouri, as amended in 1884.

II. There is no evidence tending to show that Keene made any legal or equitable assignment to Guihen of any claim or any part of any claim that he had, or might have, against the county. (*a*) According to Guihen's statement, the only conversation with Keene respecting the manner of payment was before the county owed Keene anything upon his contract, and before Keene had finally contracted with Guihen to furnish the material, and before Guihen had any claim or right against Keene for any sum whatever, consequently before there was anything in existence to assign, and before there was any debt or liability to be secured or paid by an assignment. (*b*) The only proof offered was that there was an oral promise made by Keene to Guihen, that he could get his money from the county in the event of his furnishing the material, and the language used does not purport to be the assignment of any right that Keene had or might have against the county. (*c*) Guihen does not claim that he has an adjusted and liquidated sum due him from Keene, nor does he set forth any items of account in his pleadings or evidence so as

to enable the court to fix the proper amount, if any, due him from Keene, nor does he give a statement of the quantity of rock furnished, or whether the same was accepted by Keene, nor does he set forth a contract with Keene for the kind of material he was to use, or allege or claim that what he did furnish was in accordance with his contract, nor state any fact upon which the trial court could adjudicate upon his said claim, and any attempted assignment of an undetermined and undeterminable balance or amount could not have been allowed by the trial court. (d) In view of the fact that no settlement appears to have been made between Keene and Guihen, or the amount of Guihen's claim in any manner determined, Keene became a necessary party to this action for a final adjudication thereof. *Fulkerson v. Davenport*, 70 Mo. 541.

III. The interpleader, Guihen, has no standing in court for the reason that he did not verify his interplea, as required by the equity practice and the laws of this state.

IV. The amount that the county owed Keene was an undetermined and unliquidated sum at the time of the pretended transfer to Guihen, and said Guihen's claim for materials was, at the time, undetermined and unliquidated, and no assignment of Keene's claim could have been made by him. *Burnett v. Crandall*, 63 Mo. 410; *Love v. Fairfield*, 13 Mo. 300.

V. Guihen claims a lien on the fund owed by the county to Keene for the materials furnished for the abutments, and it is well settled in this state that he could have no lien on public works for material or labor, and had not sought for any lien under the statute; and this fund was not even subject to garnishment, much less a lien.

VI. There was no legal notice upon the county court that Guihen claimed any sum for the materials furnished, and the court made no record of such claim until long after Bryson became the sole owner, for full

value, of the whole amount due Keene, as certified to by the road and bridge commissioner, as due the said Keene, and that said Bryson had no notice of any claim of Guihen until after he had purchased the account from Keene.

VII. The trial court had all the evidence and the witnesses before it, and on a full deliberation found in favor of Bryson and against appellant Guihen. It is now a well-established rule in all the appellate courts of this state, that where a trial court has made a finding of facts, the appellate court will not disturb the finding, unless the trial court has committed a manifest error, either in the finding of the facts or in the theory of the trial of the case. *Hodges v. Black*, 76 Mo. 537 ; *Sharpe v. McPike*, 62 Mo. 300 ; *Snell v. Harrison*, 83 Mo. 651. And Guihen has not pointed out in his special assignment of errors any reason why the finding of the court trying the case should be interfered with in this court.

VIII. The record shows there is an appeal undisposed of in this cause in this court. (*a*) If the appeal is pending, then this writ of error should be dismissed, and the record shows that to be the *status* of the case. (*b*) If this court takes judicial cognizance that said appeal has been before this court, and was submitted for final adjudication to the court, and was, after a hearing hereof, dismissed, then said action of this court was a final disposition of said cause, and this writ of error will not lie. Section 3776, Revised Statutes, as amended at p. 218, Session Acts, 1885, authorizes this court to render only the following form of judgments: "To award a new trial ; to reverse or affirm the decision of the circuit court, or give such judgment as such court ought to have given, as shall seem agreeable to law." After final submission, the only authority this court has is to enter one of the above forms of judgment; and to dismiss an appeal is to affirm the judgment of the lower court.

ELLISON, J.—One Keene contracted with Johnson

county to erect abutments for an iron bridge which was to be built over one of the streams in that county. He claimed there was due him for this work $771.65. On November 24, 1885, he assigned, in writing, his claim to interpleader Bryson. Some time prior to this assignment, and before he had begun his work, he contracted for stone with interpleader Guihen, to be put into the abutments. Guihen objected to furnishing the stone unless he was secured; thereupon Keene verbally assigned to him, as is contended, as much of his (Keene's) claim against the county as the stone would amount to when furnished. Upon the faith of this Guihen furnished the stone. The evidence of Guihen in support of this verbal assignment is as follows: "Some two or three weeks after Keene entered into this contract with the county he made the contract with me. At the time I agreed to do it—at the time we entered into the contract—I says to Keene, ' You are a stranger to me and I want to make sure of my pay; can't you give me some sort of security for my pay if I do the work?' He says, ' You will have the county for it; you shall be paid directly by the county, on my contract; this shall be your security. You shall draw whatever your job amounts to yourself from the county. The county will become your paymaster; you shall be paid directly by the county out of the proceeds of my contract. I will not collect it, but you shall do that yourself.' I relied upon his promise and looked for my pay from the county out of the proceeds of Keene's contract with the county. I would never have furnished this material to go in the abutments but for the promise that I was to be paid out of the proceeds of Keene's contract with the county, and by the county, and that the money, as he said, should be paid directly to me by the county. Keene, I understood, was not worth anything, so when he told me this I felt secure, and did the work and looked to the county for pay. The material I furnished under this agreement with Keene, at seventy-five cents

per perch, came to $110.50. I have never got a cent for it."

On November 20, 1885, Guihen notified the county court, in session, of this assignment, and in the month of February following he presented his claim against the county. Bryson never notified the county of his assignment, though just before he received it he conversed and advised with the presiding judge of the county court in reference thereto. The county of Johnson filed her bill stating there was due from the county, on account of the bridge abutments, a balance of $110.50; averring that this sum was claimed by both Bryson and Guihen, and asking that they be required to interplead for the same. On a trial between these interpleaders, a finding was made by the court against Guihen, and he sues out his writ of error.

From this statement it appears that if Guihen has an assignment of this claim, it is prior, in point of time, to Bryson's. It further appears that he gave notice to the county court on the twentieth of November, four days ahead of Bryson's assignment. Bryson never gave any notice. I regard the contract between Keene and interpleader Guihen as constituting an equitable assignment of so much of the claim against the county as would cover Guihen's account. Being verbal does not invalidate it. *Williams et al. v. Ingersoll*, 89 N. Y. 508. That case was where the plaintiffs had been performing, were at the time performing, and expected in the future to perform, legal services for one Heath, and, feeling uneasy about their compensation, made an oral agreement, "That the plaintiffs should be paid for their said services out of any moneys that the said Heath should obtain, or become entitled to, from any of the matters, suits, and proceedings, in which they should be engaged." And that they "should have a lien for all sums that might be owing or due them for their said services, and for the services of each of them, and for the services of the attorneys employed by them,

to the extent of the worth and value thereof, upon any sum he might obtain, or become entitled to, from the said defendants, Lorin and James H. Ingersoll, or from any other person or party connected with said suits, matters, and proceedings, superior to any right the said Heath might have thereto, and which should be paid to them before the said Heath should have, or be entitled to receive, any part thereof or right thereto." The lien was not sustained as an attorney's lien. That was especially disavowed. Nor was it held to be an equitable lien or assignment from the mere promise of Heath that plaintiffs should be paid out of a designated fund. That was also disavowed. But it was upheld as an equitable assignment from the fact that there was proof showing it was the intention to assign, or to give a lien on, any sum recovered, and that the plaintiffs were to receive the sum recovered, retain out of it their compensation, and pay over the balance, if any. Earl, J., remarked in that case that: "The form of words used in making the agreement is not alone to receive attention, but all the circumstances of the transaction are to be considered. It is a rule in equity that anything which shows an intention to assign, on the one side, and from which an assent to receive may be inferred, on the other, will operate as an assignment if sustained by a sufficient consideration." The fact that the subject-matter of this assignment was not in existence at the time of the contract between Guihen and Keene will not defeat the assignment. Courts of equity will support an assignment " of things which have no present, actual, or potential existence, but rest in mere possibility ; not, indeed, as a present, positive transfer, operative *in praesenti*, for that can only be of a thing *in esse*." 2 Story's Eq. Jur., sect. 1040 ; *Rutherford v. Stewart*, 79 Mo. 216. But it is insisted that, as this was an assignment of only a portion of the debt, it cannot be enforced. Such is the law in this state as between an assignee and the debtor. *Burnett v. Crandall*, 63 Mo. 410. But it must be borne

in mind that the contest here is between the inter-
pleaders, each contending to be assignees of Keene.
Johnson county is not making the objection, and it has
been held, in a recent case, that the right to object to
splitting a single debt into many is one which the debtor
may waive. *Fourth National Bank v. Noonan*, 88 Mo.
372. When Johnson county filed a bill setting up the
claims of these interpleaders, offering to pay the money
into court, and asking that they be required to litigate
their rights to the same, she waived her right to object
to a partial assignment. Such objection can only come
from the county.

It is contended that this court has no jurisdiction of
this cause, as Johnson county is a party thereto. We do
not consider the county as a real party to this contest.
She filed a bill asking that these interpleaders litigate
their right to the money claimed by each. They did so.
One of them recovered and the other appeals to this
court. We do not consider the case as under the inhi-
bition of section 12, article 6, of the constitution of the
state. Other points were made by counsel, but are not
considered tenable.

There is no substantial conflict of testimony as to
the material parts of this case. The testimony as to
what occurred between Keene and Guihen is not con-
tradicted. It is clear, from circumstances surrounding
these parties, as shown by the evidence, that they in-
tended an assignment of the claim now in dispute. But
for such understanding Guihen would [not have fur-
nished the material. He evidently looked to this claim
on the county as his security. That he gave notice of
his assignment, and that Bryson did not, is well estab-
lished.

For these reasons we discover no necessity for a
new trial, and reverse the judgment, with directions for
the circuit court to enter judgment for interpleader
Guihen. All concur.