CLARA A. PRICE, Respondent, v. THE MORNING STAR MINING COMPANY, Appellant.

**Kansas City Court of Appeals, March 5, 1900.**

1. **Pleading: GENERAL DENIAL: CONFESSION AND AVOIDANCE.** A general denial is overcome by subsequent confession and avoidance and where a pleading is ambiguous it is to be taken most strongly against the pleader.

2. **———: EVIDENCE: HARMLESS ERROR.** The admission of incompetent evidence of a fact admitted by the pleadings is harmless.

3. **Assignment: AFTER-ACQUIRED PROPERTY: LAW: EQUITY.** At law a man can not grant that which he hath not; in equity a conveyance of after-acquired property operates as a contract to attach when the thing comes into being; equity will support an assignment of contingent interest and expectations as .also things with no present actual or pretended existence but resting in mere possibility only.

4. **Corporation: DIVIDENDS: DEBT: ASSIGNMENT.** Until the dividend is set apart it remains a part of the corporate property and is not a debt and the right thereto passes with the stock.

5. **———: ———: TRANSFER OF STOCK.** A dividend declared does not pass with the transfer of the stock unless by express contract and a corporation is bound to recognize as stockholders only those having legal title to the stock.

6. **———: ———: CONFLICTING TRANSFERS.** A shareholder before dividends were declared assigned the same to his creditor to be applied on his debt; after the dividends were declared he sold his stock to a third party. Held, that the creditor by assignment got an equitable lien on the dividends which attached and became operative when the dividends were declared and he was not entitled to the same against the vendee; but as to subsequent dividends the vendee's right would prevail over the creditor.

7. **———: CONFLICTING RIGHTS TO DIVIDEND: INTERPLEADER.** In an action by a vendee of a stockholder against the corporation to recover dividends claimed by another assignee of the same stockholder, the issue is who was the legal holder at the time of declaring

the dividends; and the question of whether the transfer was fraudulent as to creditors can not be tried unless the corporation files a bill of interpleader and brings in the other interested party claiming the dividend. And this the corporation should do.

8. ————: ASSIGNMENT OF DIVIDEND TO PAY DEBT: INSTRUCTION. Where a shareholder assigns his future dividends to his creditor to be applied on his debt and dividends are declared later, the fact that the corporation may not have paid the dividends to the assignee when it has notice of the assignment will not defeat the right of such assignee to have the dividends so applied, even though the shareholder sell his share to a third party and the jury trying the cause should be so instructed.

Appeal from the Vernon Circuit Court.—*Hon. O. P. Hoss*, Special Judge.

REVERSED AND REMANDED.

*F. M. Black* and *F. M. Redburn* for appellant.

(1) The admission signed by attorneys for respondent, and J. F. Wise, president of appellant corporation, and introduced by respondent, is not competent testimony to prove that dividends were lawfully declared by the corporation. Admissions of officers of a corporation can not be admitted to prove matters that are required to be made a matter of record, and that can be proved by the record. Greenl. on Ev. [11 Ed.], secs. 203, 204; Winsor v. Bank, 18 Mo. App. 665; Holmes v. Board of Trade, Kansas City, 81 Mo. 137; Bank v. Crandall, 87 Mo. 208; Mfg. Co. v. McAllister, 36 Mich. 327; Johnston v. Bldg. Ass'n, 104 Pa. St. 394; Blonding v. Railroad, 55 N. W. Rep. 81. Wise's statements in his opinions and conclusions, not statements of facts. Gage v. Gates, 62 Mo. 412. (2) The assignment of dividends by Price to Hewitt by parol is good. Boyle v. Clark, 63 Mo. App. 474. (3) The parol agreement by S. C. Price to turn over dividends to Hewitt, is good in equity, and the assign-

ment of dividends to accrue on stock owned by Price was good in equity, and when the money came into Hewitt's hands as treasurer of the company, he had the right under his contract with Price, to apply the money to the payment of debt due him by Price.   (4) The second and·third instructions for respondent were misleading, in this that they told the jury that unless Hewitt had actually paid the money to himself and entered credit on his account that they should find for the plaintiff.   It was enough if Hewitt had the money in his possession, with authority from Price to retain it in payment of his debt.

  ' *Thomas & Hackney* for respondent.

  ] (1) Irrespective of the power of the president to make this stipulation, we contend that the answer confesses that the dividends sued for have been declared.   The general denial is overcome by the subsequent confession and attempted avoidance.   McCord v. Railway, 21 Mo. App. 95. (2) The corporation did not aver, in its answer, that it had paid these dividends to Hewitt, neither did Hewitt testify that he had receipted the corporation for them.   He admitted that he, as treasurer, had simply tied up the money under this alleged agreement in the company's treasury and had refused to accept the money and apply it on the indebtedness, and thus had repudiated the benefits of the agreement.   Surely a corporation could not escape the payment of its just obligations by such jugglery.

  SMITH, P. J.—The petition is in two counts, in the first of which it is, in substance, alleged that the defendant is a mining corporation in this state, having a capital of four thousand dollars divided into two hundred shares of twenty dollars each; that one S. C. Price, on the twenty-first of

April, 1898, was the owner of fifty shares of said stock; that the defendant, on the ninth day of April, 1898, declared a dividend of one thousand dollars to be distributed amongst its shareholders according to the number of shares by them severally held; that eleven days thereafter another like dividend was declared by defendant; that said Price, as the owner of said shares of said stock became entitled to five hundred dollars, the same being his share of said two dividends, less one hundred dollars paid said Price by defendant on said dividends on the date the last was declared; that the defendant had refused to pay the said Price the amount of said dividends, though the same had been demanded, and that the said Price in August, 1898, duly assigned said unpaid dividends to plaintiff, etc.

And in the second, that the said Price, on the twenty-first of April, 1898, assigned said fifty shares to one Tew, who, on the nineteenth of August, 1898, assigned the same to plaintiff; that while said Tew was the holder of said shares, the defendant declared a dividend of one thousand dollars, by reason of which said Tew became entitled to two hundred and fifty dollars, as his share of such dividend, that said Tew demanded said dividend of the defendant, which defendant refused to pay, and that said Tew, in August, 1898, assigned said unpaid dividend to plaintiff, etc.

The answer, in effect, admitted the assignments alleged in the petition, but alleged that the same were made without consideration and for the purpose of hindering and defrauding the creditors of said Price. It then proceeds to allege that prior to the date of said assignments the said Price was indebted to one Hewitt, who was the treasurer of the defendant, and that Price agreed with said Hewitt that the latter should thereafter hold and apply the dividends that might arise and become due to the former to the payment of his indebtedness to said latter, until such indebtedness should be fully paid off.

The replication was a general denial. There was a trial wherein plaintiff had judgment and defendant appealed.

It is objected by defendant that it was error to permit the plaintiff to read in evidence the written admission of Wise, the president of the defendant, to the effect that the three several dividends had been declared by defendant as alleged in the plaintiff's petition. We need not stop to consider this objection, for the reason that we think the dates and amounts of the dividends, as alleged in the petition, stand admitted by the answer.

It is true, the first paragraph of the answer denies generally every allegation of the petition, but in another paragraph thereof it is alleged that the assignment of said dividend was made without consideration and for the purpose of defrauding the creditors of said Price. And in still another paragraph, it is alleged that said dividend had been assigned to Hewitt to be applied to the payment of an indebtedness of Price to him. The answer then, in addition to the denial, contained a plea of confession and avoidance. It can not be pretended that the dividends referred to in the answer are not those alleged in the petition to have been declared by the defendant. The answer contains at least a clearly implied admission that the dividends referred to in the petition were declared by the defendant. It is a rule of pleading that a general denial is overcome by a subsequent confession and attempted avoidance. McCord v. Railway, 21 Mo. App. 95.

It is a further rule that where a pleading is ambiguous it is to be taken most strongly in its interpretation against the pleader. The defenses pleaded by the answer are clearly inconsistent and should have been stricken out in the court below (Darrett v. Donnelly, 38 Mo. 493 and Adams v. Trigg, 37 Mo. 142), but as they were allowed to stand without objection we must now regard the first, the denial as overcome by that of the subsequent confession and avoidance. It fol-

lows that the allegations of the petition in respect to the dividends declared by defendant must be taken as admitted by the answer. This being so, there was no occasion to make proof of such dividends. The written admission of Wise of the existence of a fact not in issue was therefore quite harmless.

It is next argued that the assignment by Price to Hewitt of the dividends yet to accrue, either absolutely or as a security for the payment of the debt of the latter was valid. It sufficiently appears that the two first of said dividends were declared while Price was still the owner of the shares, and the other while it stood on the books of defendant in the name of Tew, the assignee of Price.

In Hax v. Plaster Co., 82 Mo. App. 447, it was said by us: "It is common learning in the law that a man can not grant or charge that which he hath not; Locker v. Peckwell, 9 Vroom, 253. But the reason that it may be different in equity is not that a man conveys *in presenti* what does not exist, but that which is in form a conveyance operates in equity by way of present contract merely, to take effect and attach to the things assigned as soon as they come into *esse*, to be regarded before that time as only an agreement to convey, and after that time as a conveyance. Mitchell v. Winslow, 2 Story 630. And this is now the well-settled doctrine of this state. Page v. Gardner, 20 Mo. 511; Wright v. Bircher, 72 Mo. 187; Rutherford v. Stewart, 79 Mo. 216; Johnson County v. Bryson, 27 Mo. App. 349; Schubert v. Herzberg, 65 Mo. App. 585. * * * And so it has been held that courts of equity will support assignments not only of choses in action but contingent interests and expectations, and also things which have no present actual or pretended existence, but rest in mere possibility only. Bacon v. Bonham, 6 Stew. 616; Smithurst v. Edmunds, 1 McCart. 416; Langton v. Horton, 1 Hare, 549; Robinson v. McDonnell, 5

M. & S. 228; Apperson v. Moore, 30 Ark. 56; Williams v. Colcord, 1 Hask. 320. The invalidity of a grant or assignment at law of a mere expectancy imparts no more than that it is ineffectual to pass the legal title. Equity construes the instrument as imposing a lien upon the *res* where produced or acquired, leaving the legal title still in the grantor or assignor, who may by some act ratify the grant or assignment, as by delivery of the property, and then the legal title is complete in the grantee or assignee. Thompson v. Foerstel, 10 Mo. App. 290; Everman v. Robb, 22 Miss. 653."

Now, if it be conceded as it must be, that the assignment by Price to Hewitt of the declared and undeclared dividends on the former's shares of stock, though not in writing, was a good equitable assignment (Luthy v. Woods, 6 Mo. App. 67; Johnson County v. Bryson, 27 Mo. App. 341; Smith v. Sterritt, 24 Mo. 260; Roeder v. Shryock, 61 Mo. App. 485; 2 Am. and Eng. Ency. of Law [2 Ed.], p. 1055) and would operate as an equitable lien thereon—according to the authorities to which we have already made reference— still, did such lien attach to the dividends declared on the shares after they had been assigned by Price to Tew and while the latter was the record owner? Until a dividend has been actually set apart by a corporation it does not become segregated from the corporate property of the shareholders distributively. It is not a debt until declared, but merely a right to a proportionate share of the profits of a corporate venture when the same is declared by the board of directors. A right to a dividend is no debt until the dividend is declared. The dividends belong to the one who is the record owner of the stock at the time when actually declared; stockholders have no claim on it until it is declared. Until separated from the capital by declaration of dividend, it is a part of the stock itself and will pass with the stock under that name in a transfer. A dividend already declared or set apart does not pass

with a future transfer of the shares unless the contract expressly so provides. The shareholder has no legal title to the profits until there is a declaration of dividend by the governing body of the corporation. As between successive owners of the shares the dividend belongs to whoever was the holder at the time of the declaration of the dividend. The record owner is entitled to it. Thompson on Corp., secs. 2172, 2188; Cook on Stock & Stockholders of Corp., sec. 538; Beach on Priv. Corp., secs. 599, 604; Jones on Bus. Corp. Laws, sec. 9; Bank v. Richards, 6 Mo. App. 454.

And so it seems that a corporation is bound to recognize as stockholders only those having the legal title to the stock, as shown by its books, and is not therefore bound to pay dividends to unregistered transferee, even when it has notice of the transfer. The right to the dividends declared after the date of the transfer passes to the vendee as between him and his vendor. Beach on Priv. Corp., sec. 620.

No reason is seen why the assignment of Price to Hewitt did not operate as an equitable lien on the first and second of said dividends, since they were declared while Price was still the record owner of the shares. If either one of the two first of said dividends were declared after the assignment of them to Hewitt, then such assignment attached and became operative, so that he was entitled to receive the same as against Price or the plaintiff, a subsequent assignee. Whether or not there was such an assignment was an issue to be left to the jury to determine.

But if the third dividend, which is claimed by Hewitt under the assignment of Price to him, was not declared until Price had parted with the legal title to the share will the assignment then attach and be operative as to it? If, as seems to have been the case, the legal title to the shares was at that time in Tew, then, according to the principles of the

law to which we have just alluded, such dividend was his individual property, and the defendant was bound to pay it to him or his assignee. When Price parted with the legal title to the shares the right of Hewitt to accruing dividends was apparently cut off. Under the law, the defendant could only recognize the claim of Tew, who was then the record owner of the shares. The assignment of the dividend by Tew to plaintiff *prima facie* entitled her to collect it.

Whether or not the assignment of the shares by Price to Tew and that by the latter to plaintiff were without consideration, and made to hinder and defraud the creditors of Price, are issues that can not be very well investigated and determined in this action on account of the want of interest of the defendant and the absence of Hewitt, a necessary party. If these issues, in an appropriate proceeding, were found for Hewitt as against plaintiff, we see no reason why the assignment of Price to Hewitt would not become effective and attach to the dividend so as to give Hewitt the right to receive the same. If this dividend, when declared, was the property of Price, then Hewitt was, under the assignment to him, entitled to receive the same of defendant. But as Tew was the record owner of the shares at the time the dividend was declared, his assignee, the plaintiff, was *prima facie* entitled to collect it. Until the plaintiff's legal title is overthrown Hewitt is not entitled to collect the dividend.

As the case now stands, both plaintiff and Hewitt claim the dividend. The defendant can not determine, without hazard to itself, to which of them it belongs. This is sufficient to entertain a bill of interpleader. Cook on Stockholders, sec, 387; Salisbury Mills v. Townsend, 109 Mass. 115. In the present action the answer of the defendant ought to have been in the nature of a bill of interpleader admitting that the dividends were unpaid and in its treasury; that it was ready to bring the same into court, and alleging

that the said Hewitt claimed said dividends antagonistic to the plaintiff, etc. Hewitt could then have been brought before the court and such issues made between him and plaintiff as would have enabled the court to determine which of them were entitled to said dividends. Glasner v. Weisberg, 43 Mo. App. 215; State v. Kumpff, 62 Mo. App. 332.

The defendant has no interest in the said dividends and is therefore in no position to question the right of the record owner of the legal title to the shares to the dividends accruing thereon. As we intend to reverse the judgment and remand the cause for reasons hereinafter appearing, we have thought proper to express our convictions in relation to the case so that the parties may, if they choose to do so, accordingly conform the subsequent proceedings.

Even if we assume, as we may, that since the defendant went to trial in the court below, without objection, on the issues made by the pleadings, that it is bound thereby and can not now be heard to complain that the judgment was obtained in an irregular proceeding, yet, for another reason, we do not think the judgment can be upheld. The plaintiff's second and third instructions told the jury that even if it should find that an agreement was entered into between Price and Hewitt, that the latter should retain and apply on the indebtedness of the former to such latter any dividends declared on the former's shares, yet unless such dividends were so applied and paid on said indebtedness said agreement was no bar to the plaintiff's right to recover of defendant any part of such dividends. The defense pleaded by the answer was, that on account of the authority given the defendant's treasurer, Hewitt, to retain said dividends and apply them to the payment of Price's indebtedness, that it was not bound to pay over the same to plaintiff. These instructions tell the jury that even though they do find from the evidence that Price and Hewitt did enter into said agreement that the

plaintiff is entitled to recover unless the defendant's treasurer, Hewitt, has actually applied the dividend under the authority conferred by the agreement. The defendant had notice of the agreement. It had no right to ignore it. It had not been abrogated or its efficiency in any way impaired at the time of the commencement of this suit. The assignment of the dividends was made for a valuable consideration; and even if such dividend still remained in the defendant's treasury, that fact certainly could not have the effect to render the agreement nugatory.

It is quite likely the defendant did not pay over the said dividends to Hewitt because of the claim made thereto by the plaintiff. It was probably in doubt as to just what to do under such embarrassing circumstances. It may well have hesitated before making payment to either party. But its hesitation and delay in making application of the dividend under the assignment could hardly have the effect to abrogate it. The jury, in effect, were told by these instructions that unless the dividend had been paid under the agreement the plaintiff was entitled to recover. They submitted the case to the jury upon a theory not within the limits of the issues made by the pleadings. They were calculated to mislead the jury to the prejudice of defendant and should not have been given.

The judgment is reversed and cause remanded. All concur.