JOHN A. WHITESIDE, Respondent, v. GUY M. LONG-
ACRE, Defendant; JOSEPH TALL, Garnishee, Ap-
pellant.

**St. Louis Court of Appeals, March 26, 1901.**

1. **Garnishment: EQUITABLE ASSIGNMENT: EVIDENCE.** Where
the evidence tends to show that, at the time defendant left collateral
with the garnishee, and some time prior to the service of the sum-
mons, he instructed him to pay Mrs. L's note when he collected the
collateral out of what was left after his own debt was paid; also
that defendant told Mrs. L. of this and asked to put her note in
garnishee's hands so that the latter might turn the money due over
to her, and then surrender it to him; that Mrs. L. assented to the
arrangement and left her note with the garnishee to be collected or
paid, and that all of said arrangements were made before summons
was served on garnishee, there is no doubt the garnishee was enti-
tled to retain, of the surplus collected by him on notes due defend-
ant, the sum due Mrs. L.

2. ———: ———: ———. And the agreement amounted to at least
an equitable assignment, *pro tanto* of the surplus to Mrs. L. to pay
what defendant owed her, which was thereafter exempt from gar-
nishment  in hands of garnishee by another creditor of  defend-
ant.

3. ———: ———: BURDEN OF PROOF. Usually, the burden of
proof is on plaintiff to prove the garnishee's indebtedness to the de-
fendant when it is denied.

4. ———: ———: ———: CONFESSION  AND  AVOIDANCE:
PLEADING AND PRACTICE. But in the case at bar, garnishee's
defense to the garnishment is in the nature of a confession and
avoidance, and the burden is on him.

Appeal from Clark Circuit Court.—*Hon. Edwin R. McKee,*
Judge.

REVERSED AND REMANDED *(with directions)*.

*J. W. Howard* for appellant.

(1)   It is a well-settled principle of law that the plaintiff, in garnishment proceedings, simply steps into defendant's shoes, and acquires his rights, no more, no less.   He stands upon defendant's rights, and is in no better condition than the latter would be if he were prosecuting the suit.   Any defense that would be good against the latter is available against the plaintiff.   Rood on Garnishment, sec. 46; Johnson v. Geneva Pub. Co., 122 Mo. 102; Simon Gregory & Co. v. Norton, 66 Mo. App. 178; Commission Co. v. Estep, 63 Mo. App. 540.   (2) Placing the Lyon notes into the hands of defendant Tall, with directions to pay the note of Mrs. Llewellyn out of the proceeds thereof when collected, when taken in connection with his (Longacre's) directions to Mrs. Llewellyn to deliver her said note to said defendant to be so paid, with the assent of said Lyon, amounted to an equitable assignment of the proceeds of said note and the same is, therefore, not subject to garnishment. Johnson County v. Bryson, 27 Mo. App. 341; Sanguinett v. Webster, 153 Mo. 343; Macklin v. Knievly, 141 Mo. 113; Smith v. Sterritt, 24 Mo. 260; 2 Am. and Eng. Ency. of Law, p. 1055.   In Sanguinett v. Webster, above cited, the court said: "Any language or act which makes an appropriation of a fund amounts to an equitable assignment of that fund."   In Johnson County v. Bryson, 27 Mo. App. 341, Judge ELLISON, in delivering the opinion of the court, says:   "I regard the contract between Keene and interpleader Guihen as constituting an equitable assignment of so much of the claim against the county as would cover Guihen's account.   Being verbal does not invalidate it."

*J. A. Whiteside,* pro se and *T. L. & S. J. Montgomery* for respondent.

There was no error committed by the trial court in giving the instructions in the record on the trial of this cause prejudicial to the appellant, or materially effecting the merits of the action, and in such case appellate courts will not reverse the judgment of the lower court. Bindbental v. Railroad, 43 Mo. App. 463; Revised Statutes 1899, sec. 865; Berkson v. Railway, 144 Mo. 211; Burns v. City of Liberty, 131 Mo. 372.

GOODE, J.—Tall was garnished in an attachment action begun by the plaintiff before a justice against Longacre to collect a note for $56.50. The latter had borrowed twenty-five dollars from said garnishee and as collateral security had deposited with him notes on Lyons for one hundred and seventy-five dollars. The day the garnishment was served, Lyons paid Tall one hundred dollars, which by agreement between Lyons and Longacre, fully discharged the collateral notes. The garnishment was intended to reach the surplus after Tall's note for twenty-five dollars was satisfied. Longacre had been boarding with Mrs. Llewellyn, and prior to those occurrences had given her his note for fifty dollars owing for his board. So far there is no dispute about the facts.

There was evidence tending to prove that at the time Longacre left the collateral with the garnishee, and some time prior to the service of summons, he instructed him to pay Mrs. Llewellyn's note when he collected the collateral out of what was left after his own was paid; also that Longacre told Mrs. Llewellyn of this and asked her to put her note in Tall's hands so that the latter might turn the money due over to her and then surrender it to him; that she assented to the arrangement and left her note with the garnishee to be collected or paid.

The point at issue was whether Mrs. Llewellyn should first have from Tall the amount of her note or whether plaintiff by virtue of his garnishment, was entitled to the entire surplus?

If the arrangement, above stated, was in fact made before summons was served on the garnishee, there is no doubt he was entitled to retain of the surplus collected by him on the Lyons notes, the sum due Mrs. Llewellyn. The agreement of the three, Mrs. Llewellyn, Longacre and Tall, amounted to at least an equitable assignment, *pro tanto,* of the surplus to her to pay what Longacre owed her, which was thereafter exempt from garnishment in Tall's hands by another creditor of Longacre. The essential fact is, that she knew of the arrangement and assented to it as the evidence tends to prove she did. Nicholson v. Walker, 25 Mo. App. 368; Johnson Co. v. Bryson, 27 Mo. App. 341; Williams v. Ingersoll, 89 N. Y. 508; Henderson v. Ins. Co., 72 Ala. 32; Hughes v. Sprague, 4 Ill. App. 301; Vincent v. Watson, 18 Pa. St. 96. This case is like Johnson County v. Bryson, supra, where the assignee's claim prevailed over the plaintiff's garnishment because the assignee had assented to the *pro tanto* assignment before summons was served on the garnishee and unlike Nicholson v. Walker, where the plaintiff succeeded solely because such previous knowledge and assent were lacking. To the same effect are Ridge v. Olmstead, 73 Mo. 578, and Witter v. Little, 66 Iowa 431. In Henderson v. Insurance Co., supra, a debtor had deposited his insurance policy with a creditor to secure the latter, then assigned the excess of the proceeds to another creditor to secure him. It was held, a third creditor could not attach the policy in the hands of the first, whose lien must be satisfied and the assignee paid next. So it was ruled that the excess of an assigned judgment is free from garnishment in the assignee's hands, if the terms were that after satisfying his own claim the balance should be paid to another creditor, for whom he then held such balance as trustee. Hughes v. Sprague, 4 Ill. App. 301. Nor does it matter, on this issue between the garnishee and attaching plaintiff, that the assignment for the benefit of Mrs. Llew-

ellyn was of only a portion of Lyons indebtedness; no one but Lyons can raise that objection. Johnson County v. Bryson, supra. It is immaterial, too, that the assignment was oral. Johnson County v. Bryson, supra; Smith v. Stewart, 24 Mo. 260; Macklin v. Kinealy, 141 Mo. 113; Sanguinett v. Webster, 153 Mo. 343.

The second instruction requested by the appellant presented the theory of the case above discussed, and its refusal was error which entails a reversal, as none of the given instructions fairly submitted it. If the assignment had been already made with Mrs. Llewellyn's knowledge and consent before Tall was garnished, it is of no consequence whether he had paid her before service or not. No one but she was entitled to collect from him a portion of the fund which he held to discharge her note against Longacre.

Usually, the burden of proof is on the plaintiff to prove the garnishee's indebtedness to the defendant, when it is denied. Karns v. Pritchard, 36 Mo. 135. But here, Tall's defense to the garnishment is in the nature of a confession and avoidance. We think, therefore, the burden is on him.

The judgment will be reversed and the cause remanded to be tried according to the views we have expressed. All concur.