WHITESIDE, Respondent, v. LONGACRE, Defend-
ant; TALL, Garnishee, Appellant.

**St. Louis Court of Appeals, January 19, 1904.**

**APPELLATE PRACTICE: New Trial: Ambiguous Testimony.** A
new trial will not be ordered on the ground that the jury dis-
regarded the testimony, regarding a certain issue, where such
testimony was not free from ambiguity.

Appeal from Clark Circuit Court.—*Hon. E. R. McKee,*
Judge.

AFFIRMED.

*Berkheimer & Dawson* for appellant.

*T. L. Montgomery,* and *Whiteside & Yant* for re-
spondent.

GOODE, J.—The facts of this cause will be found
in the report of the decision given on a former appeal.
88 Mo. App. 168.   By that decision the first judgment
in favor of Whiteside, the garnishing creditor, was re-
versed and the cause remanded for retrial because of the
refusal of an instruction setting forth the proposition
that the plaintiff could not recover if the defendant
Longacre, the garnishee Tall and Mrs. Lewellyn, had
agreed before Tall was served as garnishee, that the
latter should pay a note on Longacre held by Mrs.
Lewellyn out of the money collected on the collateral
notes deposited by Longacre with Tall.   At the second
trial several instructions presenting that defense in
different phases were given, but the plaintiff again pre-
vailed.   It is contended on this appeal that the jury dis-

regarded the testimony, which is said to have been consistent and positive to the effect that an arrangement was made by said parties prior to the garnishment for the payment by Tall of Mrs. Lewellyn's note.   There was testimony on that issue for the jury's consideration; but it was not so free from ambiguity as to render it proper for us to interfere with the verdict.

The judgment is affirmed.  *Bland, P. J.,* and *Reyburn, J.,* concur.