WIMER, Appellant, vs. PRITCHARTT, GARNISHEE OF TICE, Respondent.

1. A party cannot interplead in a cause to claim assets in the hands of a person summoned as garnishee on execution. The garnishee must answer at his peril.
2. Where a stakeholder in a wager is summoned as garnishee of the winning party, and the wager was determined without any demand upon the garnishee by the losing party for the money deposited by him, and he makes no claim, judgment will be given against the garnishee for the whole sum in his hands.

*Appeal from St. Louis Court of Common Pleas.*

At the February term, 1849, of the St. Louis Court of Common Pleas, the appellant recovered judgment against John H. Tice, for the sum of four hundred and nineteen dollars and eighty-five cents. On this judgment, execution issued returnable to the September term of the St. Louis Court of. Common Pleas, and William H. Pritchartt was summoned as garnishee. The answer of the garnishee confesses that he had, at the time he was summoned, the sum of two hundred dollars, which had been deposited with him, as a stakeholder, by Tice and another person, the whole to be paid to Tice, upon the event of Firman A. Rozier receiving more votes at the congressional election, in August 1850, than James B. Bowlin should receive at the same election. ·The answer further admits ·that Rozier did receive more votes than Bowlin. Murray G. Lewis interpleads, claiming one hundred and twenty dollars of the money confessed by the garnishee, alleging that sixty dollars (part of the one hundred staked by Tice) was furnished by him. Upon

this second trial below, the jury, under the instructions of the court, found for the interpleader sixty dollars, and thereupon, the court gave judgment in his favor for this sum, and for the plaintiff, on the answer of the garnishee, for the sum of forty dollars. After verdict, the plaintiff filed his motions in arrest of judgment, and for judgment *non obstante* upon the answer of the garnishee, for the whole sum of two hundred dollars, which motions were overruled.

*N. & S. A. Holmes*, for appellant.

1. The court had no jurisdiction of the interplea in this case. There is no provision for a proceeding by interplea, in the law concerning executions, except before the sheriff where property in specie is levied upon. In a garnishment under an execution, the issue between the plaintiff in the execution and the garnishee is simply one of indebtedness on the part of the latter to the defendant in the execution; the garnishee must answer at his peril, and no third party can step in between the plaintiff in the execution and the garnishee's own confession. Rev. Stat. 1845, chap. 61, sec. 6.

2. The remedy provided by interplea, in the law concerning attachments, is of a definite and distinct nature, and is no part of a garnishment, as such, and cannot be extended by analogy to garnishments under an execution. Rev. Stat. 1845, chap. 11, sec. 39. 13 Mo. Rep. 579, *Garrison* v. *McAllister & Co.*

3. The whole proceedings upon the interplea were *coram non judice*, and, therefore, the court erred in not sustaining the motion in arrest of judgment.

4. The motion for judgment upon the answer of the garnishee ought to have been sustained. The garnishee in this case is a stakeholder, and the defendant in the execution the winning party; it appears from the answer of the garnishee, that the losing party has never sought to avoid the wager, and that any right to recover the money from the stakeholder is barred by lapse of time; and the question simply is, whether the law will permit a stakeholder to set up the illegality of the transac-

tion against an execution creditor of the winning party, and pocket the money. 1 Bos. & P. 3, *Tenant* v. *Elliott*.

5. The 11th section of the act concerning gaming does not alter the common law. The 12th section is a limitation of the rights of the losing party, as existing at common law. Rev. Stat. 1845, chap. 71, secs. 11 & 12. *Hickerson* v. *Benson*, 8 Mo. Rep. 11.

6. The garnishee in this case is not simply a depositary—he is a stakeholder, and, as such, by his undertaking, bound to know who is entitled to the money; besides, the garnishee does not object, in his answer, that the money had not been demanded of him by the defendant, before the service of the garnishment; he cannot, therefore, avail himself of the decision of this court in the case of *Wood* v. *Edgar*, 13 Mo. Rep. 451.

*R. M. Field*, for respondent.

I. The interplea was properly admitted. Rev. Stat. Title Executions.

II. If a technical interplea was not admissible under the law, still, as a claim of right on the part of Lewis, the interplea was proper, and having been fairly tried and found in his favor, substantial justice requires that Lewis should have the money.

III. The wager was illegal, and is declared by statute to be gaming. The loser is entitled to recover back his money, either from the stakeholder or the winning party, if he receives it. The Court below, therefore, decided correctly, in holding that no notice of the winnings would be taken by the jury, and that Lewis could only claim in law the sixty dollars staked by him, and that the balance of the one hundred dollars should go to Wimer, as creditor of Tice.

IV. Besides, as there was no evidence that the wager had been decided, at the time the garnishee was summoned, he could not be adjudged the debtor of Tice, at that time, for more than forty dollars, which was all he then had in his hands belonging to Tice.

V. There may be error in rendering a formal judgment in favor of Lewis against Pritchartt, but no such error can be taken advantage of by Wimer.

GAMBLE, Judge, delivered the opinion of the court.

1. The statute, authorizing the sheriff to summon a debtor of the defendant as garnishee upon an execution, makes no pro-- vision for any third party interpleading to claim the assets in the hands of the garnishee, and for a very good reason. · The garnishee is summoned, as himself a debtor to the defendant, and it is a matter of sufficient interest to him, to see that he is not required to pay the debt of the defendant, if he is not a debtor to the defendant. If he is in doubt as to the person who is his creditor, he has the means of bringing in all persons having an interest in the question, and having it determined, so as to relieve himself from doubt or responsibility. The judgment then rendered in this case, in favor of the interpleader Lewis, was erroneous, and is reversed.

2. The plaintiff, Wimer, moved for judgment against the garnishee for the whole amount which was in his hands as a stakeholder, holding the amount bet upon the congressional election. The act concerning gaming makes bets of this description illegal, and subjects the stakeholder to the action of each of the betting parties, for the money or property deposited by each. The payment of the money or the delivery of the property to the winner, is no defence to the stakeholder, if the party claiming the money deposited demanded it of him before the wager was determined. The statute contains the further provision, that all actions for money or property under the act must be commenced within three months from the time the cause of action accrued. As the wager in this case was determined without any such demand made upon the stakeholder, a payment by him to the winner would have been a good payment, and would have been a compliance with the terms upon which he received the money. No action appears to have been commenced against the garnishee by the losing party, nor does the loser claim the money. Shall the stakeholder keep the

money? The judgment should have been rendered, under the circumstances, for the whole sum in the hands of the garnishee. This cause will be remanded for further proceedings.