SMITH, INTERPLEADER, Respondent, v. STERRITT, Appellant.

1. An appeal will lie from the decision of a justice of the peace on an inter-plea concerning property or effects garnished by virtue of an execution.
2. No formal assignment of an account is necessary ; any act showing an intent to transfer the party's interest is sufficient.
3. An assignee of an account, assigned for value previous to a garnishment by virtue of an execution against the assignor, has a superior right to the plaintiff in the execution, although the assignee may not have given notice of the assignment previous to the garnishment.

*Appeal from Jackson Court of Common Pleas.*

Wm. B. Sterritt recovered a judgment before a justice of the peace against Henry Smith.  Execution issued June 2, 1855, and on the same day W. M. Belt was summoned as garnishee. Belt answered, admitting an indebtedness to H. Smith at the time of the service of garnishment in the amount of $55 for goods sold.  After this answer was put in by Belt, A. E. Smith appeared before the justice and interpleaded, claiming the debt due from Belt as due to himself by virtue of an assignment from Henry Smith.  Judgment on this interplea was, after a verdict by a jury in favor of the interpleader, Smith, rendered in favor of the interpleader ; and an appeal was taken to the Commons Pleas Court of Jackson county.  Upon the trial of the interplea, the interpleader, Smith, in proof of the assignment from Henry Smith, together with other evidence, introduced the following instrument: " Independence, Mo., Feb. 19th, 1855.  For value received, I assign to Asbury E. Smith all the accounts and indebtedness in this.  [Signed] Henry

Smith." This assignment was written on the front leaf of a day-book of the said Henry Smith, which was also introduced in evidence. Sterritt, the defendant in the interplea, duly excepted to the admisssion of the assignment above set forth.

*C. H. Thornton*, for appellant.

I. The court erred in permitting the instrument of writing purporting to be an assignment to be read in evidence. It was too vague, uncertain, and general in its terms to convey any interest ; especially as the parol evidence introduced by the interpleader showed that all the items of accounts in the book, on the blank leaf of which the assignment was written, were, prior to its execution, transferred to the ledger. (See case of Crow & Lewis v. Ruby, 5 Mo. 485.)

II. The court erred in permitting the items of account in the day-book to be read in evidence. If secondary evidence of this kind was admissible at all, the ledger to which the items had been posted was certainly the better evidence of the kind.

III. Even if the law permitted the interpleader to interplead in a case of this kind, he, by his own evidence, showed that he had no right to complain of the garnishment, as there was no notice from him or the assignor of the intended transfer of the debt, until, not only after the debtor had been garnished, but had answered to the garnishment. (See Richards v. Gregg, 16 Mo. 417 ; Story on Prom. Notes, 131, note 2 ; Story's Eq. 1040, 1047, 1057.)

IV. The court had no jurisdiction of the interplea in this case, and should have dismissed it without motion. (See R. C. 1845, p. 662, § 11 ; Garrison v. McAllister & Co. 13 Mo· 579 ; Wimer v. Pritchart, garnishee of Tice, 16 Mo. 253.)

*Woodson* and *Chrisman*, for respondent, cited Sickles et al. v. Patterson, 18 Mo. 479 ; Haase v. Stevens, id. 476 ; Sautier v. Kellerman, id. 509 ; Moon v. Turner, 19 Mo. 642 ; Aiken v. Todd, 20 Mo. 276.

SCOTT, Judge, delivered the opinion of the court.

The case of Daggett v. St. Louis Louis Marine and Fire Insurance Co. (19 Mo. 210) is in point to show that on the trial in a justice's court of an interplea concerning property or effects garnished by virtue of an execution an appeal will. lie. That was a garnishment under an execution issued from a justice's court. It may be observed that the provision respecting garnishments, under the act respecting justice's courts, is different in its language from the section on the same subject in the statute in relation to executions. Indeed the case of Wimer v. Pritchartt (16 Mo. 252) is contrary to the practice both before and since it was made, as is apparent from the cases of Quarles and Thompson v. Porter (12 Mo. 76), and Colcord v. Daggett (18 Mo. 559). But it is unnecessary to pursue this subject farther, as we conceive the provision in the code of 1855 gives the right to an appeal.

We see no objection to the evidence offered in proof of the assignment. As it is to be presumed that each item of an account showed the time of its creation, a reference to the date of the assignment would show what was assigned. No formal assignment of an account is necessary. Any act showing an intent to transfer the party's interest is sufficient for that purpose. On every principle, the entries in the day-book were superior evidence to the accounts in the ledger.

On the merits, this case is within the interpleader, Smith. He being a purchaser for value, his right is superior to that of any attaching creditor, although the debtor had no notice of the assignment previously to the service of the garnishment. The attaching creditor can stand in no better situation than the debtor. Although the subsequent assignee of an account who gives notice of his assignment to the debtor will be preferred to a prior assignee who has failed to give such notice ; yet, as between the owner of an account and his assignee, the assignment is valid ; and one who comes in by operation of law after the assignment can not occupy a more advantageous position

than he under whom he claims. The authorities are ample in support of this doctrine. (Drake on Attachment, § 615.) In the case of Dix v. Cobb, (4 Mass. 512,) it was contended by counsel that the assignee was not protected in his assignment until he had given notice to the debtor, and the attachment being previous to the notice, would hold the trustee. But the court did not concur in this view, and held that, although the trustee had no notice of the assignment until after he was sued as trustee, yet, immediately on the assignment, the equitable interest in the debt, as between the parties to it, immediately passed to the assignee, and that the attaching creditor stood in no better situation than the assignor of the debt. To the same effect are the cases of Stevens v. Stevens, 1 Ashmead; Pellman v. Hart, 1 Barr, 263; Wakefield v. Martin, 3 Mass. 558. There is nothing in the case of Richards v. Grigg et al. (16 Mo. 416) that is inconsistent with the doctrine here maintained. That case turned on considerations not involved in this controversy. There, it was held that the negligence of the assignee, in failing to give notice, was the means of a judgment being entered against the debtor, who was without fault, and therefore that the loss should fall upon him who was guilty of negligence. With the concurrence of the other judges, the judgment will be affirmed.