**SOUTHWESTERN BELL TELEPHONE COMPANY, a corporation et al., Plaintiffs,**

**v.**

**CROWN INSURANCE COMPANY, a corporation, Defendant,**

**First National Bank of Clayton, Garnishee, the South East National Bank of Chicago, Illinois, Intervenor, Appellant.**

**No. 24530.**

Kansas City Court of Appeals.

Missouri.

June 5, 1967.

William R. Dorsey, Clayton, John L. Hearne (Intervenor), Jefferson City, for appellant.

Charles H. Howard, Hendren & Andrae, Jefferson City, for respondent.

SPERRY, Commissioner.

This case originated upon the filing of a suit by attachment by plaintiffs against Crown Insurance Company, defendant. Plaintiffs garnisheed the First National Bank of Clayton, Mo., hereinafter referred to as garnishee, claiming ownership of a $5,000.00 certificate of deposit together with accrued interest, issued by garnishee to defendant Crown. The South East National Bank of Chicago intervened, claiming the certificate of deposit. Plaintiffs counterclaimed against intervenor claiming damages because of intervenor's wrongful refusal to pay drafts drawn on Crown and payable to plaintiffs. Eventually, the proceeds of the certificate of deposit were paid to the clerk of the circuit court of Cole County, upon order of the circuit court. Crown Insurance Company went into receivership in West Virginia, and failed to plead, and disappeared from the case. The issues presented were tried by the court between plaintiffs and intervenor. Intervenor appealed from a judgment denying its petition and ordering garnishee to pay plaintiffs $5,000.00, the proceeds of the certificate of deposit, plus accrued interest of $200.00, $1200.70 representing other funds held by garnishee on deposit to the credit of defendant, and allowing garnishee $200.00 as attorneys' fees. Plaintiffs' counterclaim was denied and it did not appeal.

Plaintiffs' claim against defendant was based on insurance claims for losses, for which drafts were drawn by defendant and delivered for payment to plaintiffs' by intervenor. These drafts were returned unpaid. Plaintiffs filed suit on March 18, 1964. Garnishee was served on March 19, and answered on April 25, 1964, admitting having in its custody $1200.70, being property of defendant. No mention was made of certificate of deposit 014. In later amended answers, garnishee admitted having in its custody funds represented by certificate of deposit 014, but made no mention of its having been notified of assignment of this certificate to intervenor. In its amended answer, filed October 16, 1964, garnishee stated that it had verbal notice from intervenor, on February 26, 1964, of the assignment, which verbal notice was confirmed by letter on March 23, 1964.

The pertinent provisions of the certificate of deposit 014, on its face, are as follows:

"THE FIRST NATIONAL BANK OF CLAYTON
CLAYTON (St. Louis) MO.

$5,000.00 No. 014

June 7, 1963

Crown Insurance Company has deposited in this bank

5000 dols 00 cts

Payable to Themselves or assigns, in current funds on
Return of this Certificate 12 months after date with interest at 4 per cent
per annum, payable. semi-annually.

(Signed) John B. Mitchell, V.P.
authorized signature

Additional provisions on reverse side".

On the reverse side appears the following:

"ASSIGNMENT

("Effective only when entered on books of this bank)
FOR VALUE RECEIVED: I/WE HEREBY SELL, ASSIGN AND
TRANSFER UNTO CROWN INSURANCE COMPANY

(Signed) William R. Dorsey Treas.
Name and Address

(Signed) THEO M. EWING Pres.

FOR DEPOSIT TO THE SOUTH EAST NATIONAL BANK

CROWN INSURANCE COMPANY

(Signed) THEO M. EWING
Clayton 5, Missouri

(Typed) THEODORE M. EWING, PRES."

---

One of plaintiffs' chief contentions is that garnishee had no notice of intervenor's claim of ownership of the certificate prior to service on it of notice and summons in garnishment, on March 19, 1964. They contend that, by reason thereof, they are entitled to receive the proceeds of the certificate on their garnishment, and that failure to give such notice prior to the filing of this suit is evidence that no assignment to intervenor was made prior thereto.

The only notice given to garnishee of intervenor's claimed ownership of the certificate, prior to March 19, 1964, was in a verbal conversation had between Mr. Wahala, for intervenor, and Mr. Mitchell, vicepresident of garnishee. Plaintiffs say that testimony may not be considered.

Under the facts in this case we think it is immaterial to any issue herein as to whether or not garnishee was notified of intervenor's claim of ownership of the certificate of deposit 014, before March 19, 1964. The documentary evidence in this case is overwhelmingly to the effect that defendant sold and transferred certificate 014 to is-

tervenor on December 31, 1963, for a valuable consideration; and it was not contradicted by any substantial evidence, that this certificate of deposit, together with other securities, was pledged to intervenor by defendant, June 13, 1963, to secure a large loan the proceeds of which it received and used. It also appears that, in order to secure the loan, this certificate of deposit and other securities were assigned to intervenor long prior to the institution of this lawsuit, and that the proceeds were used to repay the loan heretofore mentioned. This certificate of deposit was eventually transferred to intervenor's portfolio of owned investments. This evidence was not contradicted by any substantial evidence in the record.

In Cusick v. Cusick, Mo.App., 201 S.W. 2d 437, 440, we said that the liability of a garnishee to a plaintiff is measured by its liability to the defendant.

In 10 Am.Jur.2d, Banks, Sec. 457, p. 427, appears the following:

"NATURE OF CERTIFICATE; NEGOTIABILITY, ASSIGNABILITY, and CONSTRUCTION. While a certificate of deposit may, under special circumstances, be considered nothing more than a mere receipt, in its usual and ordinary form it contains the elements of a promissory note, rather than of a mere receipt, and in general has that legal effect. The essential element of a promissory note, namely, an unconditional promise to pay a certain sum of money absolutely, is present, and the instrument is in general governed by the same rules that control instruments of that character. Properly indorsed, it is widely regarded as a negotiable instrument transferable in the same manner and with the same results as other negotiable paper. More definitely, certificates of deposit issued by bankers are without doubt negotiable in the sense that they may be transferred by indorsement so as to authorize a transferee to maintain an action there-

on in his own name, and the prevailing view is that a certificate of deposit written in full and regular ·form, is a promissory note with all of the incidents of negotiability, and as such negotiable. Such a certificate is deemed to be a negotiable instrument within the purview of the Negotiable Instruments Law and the Uniform Commercial Code. Consequently, a bona fide purchaser for value, before maturity, and without notice of equities, is protected to the same extent as an innocent holder of other negotiable paper would be. *Furthermore, even though the language of a particular certificate of deposit renders it non-negotiable, it may nevertheless be assignable so as to confer the rights of the payee upon the assignee.*" (Emphasis ours.)

In 6 Am.Jur.2d Attachment and Garnishment, sec. 460, pp. 881–882, it is said:

"GENERALLY. The general rule is that an attachment or garnishment is binding upon the attached or garnished property to the extent of the defendant's interest therein, but not to any greater extent. It is accordingly said that the attaching or garnishing creditor stands in the shoes of the defendant and is in no better position with regard to the attached or garnished property or debt than the defendant. * * *".

In Hendrickson v. Trenton National Bank, 81 Mo.App. 332, 335, the court said:

"1. On the merits of this case the sole question is, who had the better title to the money which Collier, treasurer of the Odd Fellows' lodge, owed McDaniels. Plaintiff's right is based on the garnishment process sued out from his judgment against McDaniels, while the Trenton Bank rests its claim upon the order or assignment made to it before service of the writ of garnishment. The trial court held the superior right to belong to the bank, and in our opinion this decision was clearly right. The claim or account which the debtor McDaniels had against

Collier, the lodge treasurer, was a mere chose in action and which he had a right to, and in fact did assign to the bank as payment or security of the claim it held. This assignment was made prior to the garnishment and must therefore be treated as carrying a superior right to the assignee. *By virtue of the garnishment the plaintiff has no better right than McDaniels had—he stands in McDaniels' shoes.* And since the assignment was good as to McDaniels it is likewise as to the plaintiff. *There was no need of notice even to Collier as to the assignment* —though it was given, and that, too, before service of garnishment. Smith v. Sterritt, 24 Mo. 260; Knapp, Stout & Co. v. Standley, 45 Mo.App. 264.

"In the first cited case it was held, that an assignee of an account, assigned for value previous to a garnishment by virtue of an execution against assignor, has a superior right to the plaintiff in the execution, although the assignee may not have given notice of the assignment previous to the garnishment". (Emphasis ours.)

In Smith v. Sterritt, supra, 262, the supreme court said: " * * * yet, as between the owner of an account and his assignee, the assignment is valid; and one who comes in by operation *of the law after the assignment cannot occupy a more advantageous position than he under whom he claims".* (Emphasis ours.) It was further held that the above is true even if notice of the assignment was not given prior to service of summons in attachment.

In Phillips v. Alford, Mo.App., 90 S.W.2d 1060, 1069, we said (Bland):

"[9, 10] It is admitted that these certificates of deposit were negotiable in form and, in this state, certificates of deposit in the ordinary form are, in substance and legal effect, promissory notes (7 C. J., p. 647; Dickey v. Adler, 143 Mo. App. 326, 127 S.W. 593) and a promis-

sory note is transferable without endorsement".

In 52 A.L.R., page 109, it is said that the authorities are divided on the question of the necessity of giving notice to the garnishee of assignment prior to service of process. We are concerned here only with the law of Missouri on this subject. It is that failure of proof of prior notice does not affect the rights of an assignee if the assignment was valid and made prior to service of summons in garnishment.

It is not necessary that we rule on the negotiability of certificate of deposit 014. The condition regarding the assignment, as printed on the reverse side of the certificate, does not render the certificate unassignable. The only effect it can have is to give garnishee some right; but the garnishee asserts no right or interest in the certificate and has voluntarily paid the proceeds into the registry of the court. The sole question before us is: Who has the prior claim on the money? We hold the intervenor is the lawful owner of the proceeds of certificate of deposit 014, and that it acquired full ownership thereof, long prior to the filing of plaintiffs' lawsuit. If defendant, Crown, owned no interest in the certificate of deposit when the garnishment issued, there was nothing upon which the court's judgment in this case could operate.

We are required to review this case both upon the law and the evidence as in suits of an equitable nature. The judgment may not be set aside unless clearly erroneous, and due regard must be given to the opportunity of the trial court to judge the credibility of the witnesses. No findings of fact issues were requested or made. Under the rule it is deemed that all fact issues have been found in accordance with the result reached. Rule 73.01, V.A.M.R.

One of the vital fact issues in this case, that of the actual assignment of the certificate of deposit to intervenor, is established by the certificate itself, a photostatic copy

of which is shown in the record. There is no contention made that the assignment was forged, that it was made by reason of fraud or mistake, or that it is, for any other reason, invalid. The certificate, as assigned, was in the possession of intervenor at the trial when it was produced and put in evidence. There is no evidence tending to prove that plaintiffs had any interest in it, that they asserted any claim upon it, or that intervenor had any knowledge of any such claim, if there was one, prior to the attachment, March 19, 1964. Any finding to that effect, if it had actually been made, would not have been supported by a scintilla of evidence.

The only witness who testified as to the facts concerning when, and the circumstances under which, the assignment was executed came from Mr. Wahala, an officer of intervenor. He identified records of his bank which were admitted into evidence without objection. Neither his testimony or the validity of the records is challenged in any respect.

Mr. Wahala stated that he was in the lending and investment department of intervenor; that he managed the Crown loan account. He identified intervenor's exhibit 1 as being the original loan ledger sheet of Crown, together with a photostatic copy thereof. He testified to the effect that, on June 13, 1963, intervenor loaned Crown $87,125.00 which was secured by certificates of deposit to Crown, in various banks, and by other securities; that this loan was paid in full on December 31, 1963. He identified exhibit 2 as being the original ledger liability sheet of the checking account of Crown, from November 30 to December 31, 1963. He identified exhibits 3 and 4 as being copies of original credit tickets wherein intervenor credited Crown's checking account in the amount of $86,000.00 (plus interest).

He identified exhibit 5 as an original ledger debit ticket indicating that intervenor acquired and put in its portfolio $60,000.00 worth of certificates of deposit,

identified by names of the various banks listed. Exhibit 6 was identified as the original copy of the debit ticket wherein intervenor charged Crown's account $87,337.50, in full payment of loan No. 98523, which was secured by certificates of deposit previously mentioned. These exhibits were admitted into evidence with comment from plaintiffs, "no objection". The witness further stated that intervenor acquired ownership of certificate of deposit 014, as stated, December 31, 1963. It had it in its custody, at the trial, but it was not marked since it was agreed that a copy would be used. He stated that exhibit 5, a December 31, 1963, item, shows that certificate of deposit 014 was placed in intervenor's portfolio on that date, and that Crown's account was credited on that date with $5,000.00, plus accrued interest, on account of the certificate. Mr. Wahala identified exhibit 7 as being a copy of a letter mailed to garnishee March 23, 1963, notifying it that intervenor was the owner of certificate of deposit 014 (and others) having acquired it from Crown.

Mr. Wahala was cross examined but no new facts of significance were developed and intervenor rested. Thereupon plaintiffs announced that their "issue of ownership of certificate 014 rests also, on the record made", and since the judgment on plaintiffs' counterclaim was for intervenor and no appeal was taken, we do not deem it proper to set out that evidence.

It is an indisputable fact that, when this suit was instituted, intervenor had physical possession and control of the certificate which had been indorsed by Crown and delivered to it. As to the exact date that it acquired full ownership, the only evidence thereon came from the testimony of Mr. Wahala and from the documents produced from the bank files. There was no evidence to the contrary. There was no evidence contradictory for the court to weigh in order to render a judgment for plaintiffs. In Williams v. Cass, Mo.App., 372 S.W.2d 156, 158, the court considered an appeal

from an order granting a new trial and said: " "* * * (P)laintiff has no right to a new trial when the evidence in her favor is not sufficient to take the case to the jury. * * * A failure of evidence to support a verdict for plaintiff renders a case dead, and it cannot be resurrected by a motion for a new trial.' Payne v. Reed, 332 Mo. 343, 347, 59 S.W.2d 43, 44(3) ; Rose v. Thompson, 346 Mo. 395, 401, 141 S.W.2d 824, 828. 'To grant a new trial, on the ground that the finding was against the weight of the evidence, would be arbitrary if there was no evidence to weigh.' * * *"

 Generally, a court or jury may refuse to believe certain testimony. However, in this case, there was no evidence tending to contradict intervenor's evidence to the effect that it had owned the certificate of deposit since December 31, 1963. There is nothing in the record that tends to raise a doubt as to the truth of such evidence, or that it was incredible or unbelievable. The judgment is against the overwhelming weight of the evidence and is clearly erroneous.

The judgment is reversed and the cause is remanded with directions that a new judgment be entered ordering Guy M. Sone, Circuit Clerk, to pay out of funds in his custody $1,000.70 to plaintiffs; $5,200.00 to intervenor; and $200.00, as a reasonable attorney's fee, to garnishee, First National Bank of Clayton, Mo.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court.

HOWARD, P. J., and CROSS, J., concur.

BLAIR, J., not participating.